In the Matter of RUSSELL T. SICKMEN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 20, 1987

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Robert P. Guido* of counsel), for petitioner.

*Joseph W. Ryan, Jr.,* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on March 6, 1974.

In this proceeding to discipline the respondent, the Special Referee sustained four charges of professional misconduct against him. First, on September 15, 1983, the respondent pleaded guilty in the United States District Court for the Southern District of New York to a "serious crime" within the meaning of Judiciary Law § 90 which involved a conspiracy to commit mail fraud in violation of 18 USC §§ 371 and 1341. On November 14, 1983, the respondent was sentenced to a term of one-year imprisonment, with the proviso that he be confined to a jail-type institution for a period of one month, the execution of the remainder of the sentence to be suspended, and that he be placed on probation for a period of three years, perform 450 hours of community service, and make restitution. This crime arose out of a scheme wherein the respondent participated, in 1978 and 1979, in making fraudulent claims against an insurance company to collect on a fire loss on real property destroyed by arson.

Second, the respondent failed to disclose to his client, the executor of an estate, that real property, an asset of the estate, was being purchased by a nominee of the respondent for whom the respondent had provided the funds for said purchase.

Third, the respondent filed and pursued the fraudulent insurance claims totaling approximately $30,000.

Fourth, the respondent suborned perjury when he permitted and suffered his client to give false and misleading testimony with respect to the circumstances surrounding the arson to the house, with knowledge that said testimony was false.

The petitioner moves to confirm in full the report of the Special Referee and the respondent moves, *inter alia,* to confirm in part and disaffirm in part the report.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is

guilty of the misconduct described above. The petitioner's motion to confirm the Special Referee's report is granted and the respondent's motion, insofar as it sought to disaffirm the report of the Special Referee, is denied.

In determining an appropriate measure of discipline, we have taken into consideration the mitigating circumstances advanced by the respondent as well as the fact that the respondent was suspended from the practice of law in Florida for a period of three years for this misconduct. Nevertheless, the respondent is adjudged guilty of serious professional misconduct. Accordingly, the respondent should be, and hereby is, disbarred and it is directed that his name be stricken from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.